# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-0296V**

| | |
|---|---|
| G.C.,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: December 26, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 25, 2019, G.C. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving the influenza and tetanus diphtheria acellular pertussis vaccines on October 2, 2017. Petition at 1. On August 9, 2022, I issued a ruling finding Petitioner entitled to compensation following briefing by the parties. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Approximately 16 months later, on December 8, 2023, I issued a damages decisions following briefing and expedited Motions Day argument by the parties. ECF No. 70.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $59,359.62 (representing $57,839.40 for attorney's fees, $1,483.32 for attorney's costs, and $36.90 for Petitioner's out-of-pocket costs). Petitioner's Application for Attorneys' Fees, filed May 23, 2024, ECF No. 76. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred $36.90 in out-of-pocket expenses. ECF No. 77.

Respondent reacted to the motion on May 29, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 78. Petitioner filed no reply.

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. And I note this case required additional briefing and argument regarding the issues of entitlement and damages, provided separately. *See* Petitioner's Motion for a Ruling on the Record Regarding Onset and Entitlement ("Pet. Motion"), filed July 2, 2021, ECF No. 48; Petitioner's Reply to Respondent's Response to Pet. Motion, filed Aug. 23, 2021, ECF No. 50; Petitioner's Memorandum in Support of Damages, filed Jan. 6, 2023, ECF No. 62; Petitioner's Reply to Respondent's February 13, 2023 Response to Petitioner's Brief in Support of Damages, filed Feb. 28, 2023, ECF No. 64. Petitioner's counsel expended approximately 10.8 hours drafting the motion for a ruling regarding entitlement and 6.0 hours drafting the entitlement reply, 9.7 hours drafting the damages memorandum, and 4,5 hours drafting the damages reply, totaling 31.0 hours. ECF No. 76 at 23-24, 27-28. Although likely that some work could have been performed more efficiently if the parties had briefed both issues simultaneously, Petitioner's counsel performed these separate briefing tasks quickly. Thus, I find the amount of time spent briefing the issues of entitlement and damages to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided documentation for all attorney expenses, except for $25.00 in copying costs and $33.57 for postage costs, which I will nevertheless reimburse. ECF No. 76 at 2, 32-64. Petitioner also requests $36.90 in out-of-pocket litigation costs, specifically postage, and has provided the documentation needed to support these costs. *Id.* at 2, 64-68. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $59,359.62[3] as follows:**

- **A lump sum of $59,322.72, representing reimbursement in the amount of $57,839.40 for attorney's fees and $1,483.32 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Craig Homer; and**

- **A lump sum of $36.90, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.